UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELTON JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1426-AGF |
| | ) | |
| UNKNOWN RENTRO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. For the reasons stated below, the Court will grant the motion and assess an initial partial filing fee of $4.83, which is twenty percent of plaintiff's average six-month deposit. In addition, the Court will (1) dismiss plaintiff's official-capacity and Fourteenth Amendment claims; (2) order the Clerk of Court to issue process on the complaint as to plaintiff's Eighth Amendment claims against all defendants in their individual capacities; and (3) deny, without prejudice, plaintiff's motion for appointment of counsel.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 681. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint and Supplement**

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), brings this action for monetary relief pursuant to 42 U.S.C. § 1983 against PCC correctional officers Unknown Rentro, Unknown Hergore, Unknown Hobbs, and Unknown Uptgrove. Plaintiff alleges that he was brutally attacked by another inmate on September 13, 2014, while defendants "stood by watching until the point that plaintiff lost consciousness." Plaintiff further alleges that he was in leg restraints and had been handcuffed to a "restraint bench" when the assault occurred and that defendant Rentro had provided the attacking inmate "with a restraint key in order to slip his restraints and assault plaintiff." Plaintiff states that he sustained serious physical injuries and was rushed to Washington County Hospital. He subsequently was transferred to St. Louis University Hospital, because he was bleeding from his brain stem. Plaintiff claims a violation of his Eighth and

Fourteenth Amendment rights, and he is suing defendants in both their individual and official capacities for failing to protect him.

## Discussion

### I. Official Capacity Claims

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants in their official capacities.

### II. Individual Capacity Claims

Plaintiff's 42 U.S.C. § 1983 allegations against all defendants in their individual capacities state claims for Eighth Amendment violations, and therefore, the Court will order process to issue against them. *Young v. Selk*, 508 F.3d 868, 871-72 (8th Cir. 2007) (stating that Eighth Amendment "requires prison officials to take reasonable measures to guarantee inmate safety by protecting them from attacks by other prisoners").

Plaintiff's conclusory claim that defendants violated his Fourteenth Amendment right to equal protection will be dismissed as legally frivolous and for failure to state a claim or cause of action. The Equal Protection Clause requires the government to treat all similarly-situated people alike, and "[a]s a threshold matter, '[t]o state an equal protection claim, [a plaintiff] must have established that [he was] treated differently from others similarly situated.'" *Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006) (quoting *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998)). Thus, the equal protection doctrine is rooted in a comparison of the actual treatment accorded one person with that actually accorded other persons or class of persons, not in a comparison of the actual treatment accorded one person as measured against the ideal treatment, proscribed by the norms of state law, which that single person should have received. In the latter situation, there is simply no discrimination, invidious or otherwise. Because plaintiff has failed to allege any facts indicating that any of the named defendants invidiously discriminated against him in favor of another person or class of persons, with no rational basis for any differentiation in treatment, his equal protection claim will be dismissed under § 1915(e)(2)(B).

### III. Motion for Counsel

Plaintiff seeks appointment of counsel on the grounds that he lacks sufficient funds to pay an attorney, his incarceration will greatly limit his ability to litigate this action, he suffers from "mental illness," and he has limited access to a law library. Plaintiff states that "[i]t is only through the limited help of a law clerk that [he] is even able to file this action."

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex. Moreover, plaintiff does not specify what sort of "mental illness" he has and how it is preventing him from presenting his claims. At this point, it appears that plaintiff is able to present his claims, because the Court is ordering defendants to respond to his Eighth Amendment allegations. Consequently, the motion will be denied, without prejudice to refiling at a later time. If plaintiff seeks appointment of

6

counsel in the future, he should include additional facts as to his "mental illness" and why he believes he is unable to present his claims without the assistance of counsel.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $4.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to all defendants in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities, all defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that plaintiff's official-capacity and Fourteenth Amendment claims against all defendants are **DISMISSED** without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, without prejudice to refiling at a later time.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of April, 2016.

*Audrey G. Fleissig*
**UNITED STATES DISTRICT JUDGE**