UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELTON JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15-cv-01426-AGF ) |
| UNKNOWN RENTRO, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of the Missouri Department of Corrections ("DOC") to dismiss the claims against it in Plaintiff's first amended complaint under Rule 12(b)(6). ECF No. 77. For the reasons set forth below, the motion will be granted as to Defendant DOC.

### BACKGROUND

Plaintiff is an inmate in the Potosi Correctional Center. On August 15, 2015, he filed a pro se Prisoner Civil Rights Complaint alleging that certain corrections officers assaulted him. On March 15, 2019, Plaintiff filed a motion for leave to file an amended complaint to name DOC as an additional Defendant. ECF No. 67. No response was filed, so the Court granted the motion. ECF No. 69. In his amended complaint, grounding jurisdiction in 42 U.S.C. § 1983, Plaintiff "seeks damages against [DOC] by and through its agents acting within the scope and course of their employment" for violations of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights, as well as for negligence resulting in Plaintiff's injury. ECF No. 72 at ¶¶ 9-11.

In response to the amended complaint, DOC filed the present motion to dismiss, asserting that the Eleventh Amendment bars these claims against the State as a matter of law. ECF No. 78 at 2. Plaintiff has not filed a response, and the time to do so has passed.

**DISCUSSION**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id*. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015).

Generally, the Constitution "does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). The Eleventh Amendment immunizes an unconsenting State from damages actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action. *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). This immunity encompasses not only actions where a state is actually named as a defendant, but also certain actions against state instrumentalities. *Id*. "[I]n the absence of consent, a suit in which the State or one of its agencies or

departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The only exceptions are when the state has waived its immunity or Congress has abrogated that immunity pursuant to a valid exercise of Congressional power. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996).

Missouri has not consented to suit, and Congress did not abrogate the state's immunity in enacting § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (holding that § 1983 does not override a state's Eleventh Amendment immunity). Consequently, Plaintiff's claims against DOC are not cognizable, and DOC is entitled to be dismissed from the suit.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion to dismiss is **GRANTED**. ECF No. 77. Defendant Missouri Department of Corrections is dismissed from the case. Plaintiff's claims against individual Defendants remain pending.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2019.